AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MAURICE GRAVES,<br><br>Defendant. | Case No.   5:20-MJ- 600 (TWD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 18, 2020 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B) & 841(b)(1)(C) | Possession with Intent to Distribute Controlled Substances, to wit: Fentanyl and 28 Grams or More of Cocaine Base, both Schedule II controlled substances |

This criminal complaint is based on these facts:
See affidavit

☒   Continued on the attached sheet.

_____
*Complainant's signature*
Daniel Babbage, Task Force Officer
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   11/18/2020

_____
*Judge's signature*

City and State:   Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF DEA TASK FORCE OFFICER DANIEL BABBAGE

Daniel Babbage, being duly sworn, deposes and says:

### I. INTRODUCTION

1. I am a public servant of the kind specified in the New York State CPL 690.05(1), my title being a Police Officer. I have been a sworn member of the Syracuse Police Department since November 1995. I am currently assigned to the United States Department of Justice, Drug Enforcement Administration (DEA) Syracuse Resident Office as a Task Force Officer. I have been a sworn member of the DEA Syracuse Resident Office Task Force since November 2019. As such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516. I have attended the following trainings/schools: DEA Basic Narcotics School, DEA Supervisor/Leadership School, Interview & Interrogation School, Highway/ Transit Drug Interdiction School, Instructor Development School, Dignitary/Executive Protection School, Firearms Instructor School, Basic SWAT/Hostage Rescue School & Basic Explosive Breacher Course. I have participated in numerous successful investigations into illicit drug distribution networks and have interrogated numerous defendants, informants and others who were either sellers, distributors, or users of narcotics and other illicit drugs. Also, I have been involved in the monitoring, intercepting and recording of court-ordered wiretaps, and have participated in numerous search warrants/arrest warrants involving narcotics trafficking. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal, state

and city narcotics officers with regard to the manner in which narcotics are possessed, sold, and distributed in the Syracuse, NY area.

2. I have participated in numerous searches of residences, businesses and vehicles in which controlled substances, drug paraphernalia, currency, and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation. I have participated in several multi-agency narcotics investigations. During the course of these investigations, I have conducted or participated in surveillance, undercover transactions, execution of search warrants, debriefings of informants, and reviews of tape-recorded conversations and narcotics records.

3. I submit this affidavit in support of a criminal complaint charging defendant **MAURICE GRAVES** with possession with intent to distribute controlled substances, to wit: cocaine base, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1). I further allege that there is probable cause to believe the offense involved 28 grams or more of a mixture and substance which contained cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B), and involved fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## II. BASIS OF INFORMATION

4. As this affidavit is being submitted for the limited purpose of providing probable cause to support charging **MAURICE GRAVES** with possession with intent to distribute controlled

substances, I have not included each and every fact known to me concerning this investigation. I set forth only the facts which I believe are necessary to establish probable cause for the issuing of a criminal complaint.

### III. PROBABLE CAUSE

5. On November 17, 2020, I applied for warrants to search (i) a 2011 White Ford Edge (the White Ford Edge) and (ii) a residence located on Thompson Road in Dewitt, New York (the Thompson Road Residence). As I explained in the application in support of those search warrants, over the past two months, law enforcement had repeatedly observed **MAURICE GRAVES** coming and going from the Thompson Road Residence in ways suggesting that he lived there. Some of the surveillance of **GRAVES** coming and going from the Thompson Road Residence was connected to suspected drug trafficking activity. As I also described in my November 17 affidavit in support of the search warrant application, law enforcement over the past two months has repeatedly observed **GRAVES** operating the White Ford Edge, including during suspected drug transactions. This Court (Hon. Thérèse Wiley Dancks, USMJ) issued the requested search warrants that same day (November 17, 2020).

6. On the morning of November 18, 2020, law enforcement was positioned outside the Thompson Road Residence in anticipation of executing the search warrants. Officers observed the White Ford Edge arrive and park in the parking lot outside the Thompson Road Residence. Officers observed **GRAVES** exit the White Ford Edge and walk toward the Thompson Road Residence. Officers restrained **GRAVES** and placed him in handcuffs. Officers conducted a pat search of **GRAVES**. Officers located in **GRAVES's** right coat pocket a baggie containing a white chunky substance consistent in appearance with cocaine base ("crack" cocaine). In the same

pocket, officers located approximately 7 ½ "bricks"[1] (375 individual bags) of a tan powdery substance consistent in appearance with heroin. In **GRAVES's** left pants pocket, officers located a sum of United States currency. Officers searched the White Ford Edge and located a scale in the rear compartment. I know from my training and experience that scales are frequently used in drug trafficking to weigh quantities of drugs for distribution.

7. The suspected cocaine base and suspected heroin were transported to the DEA Syracuse Regional Office. The suspected cocaine base weighed approximately 34.8 grams including the baggie. From my training and experience, I am confident that the net weight of the substance (i.e., without packaging) is at least 28 grams. The substance was field tested and was presumptively positive for the presence of cocaine base. A sample of the suspected heroin was field tested and was presumptively positive for the presence of fentanyl. I know from my training and experience that the quantities of drugs possessed by **GRAVES** are more than for individual use and are consistent with distribution.

### IV. <u>CONCLUSION</u>

8. I believe the foregoing establishes probable cause to believe that defendant **MAURICE GRAVES** possessed with intent to distribute controlled substances, to wit: cocaine base, a Schedule II controlled substance, and fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). I also believe that the foregoing establishes that there is probable cause to believe the offense involved 28 grams or more of a mixture and substance containing cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B), and involved fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

---

[1] A "brick" is 50 individual dose bags of heroin.

9. I respectfully request that the Court authorize the filing of this complaint so that the defendants may be charged and brought to court for further proceedings in accordance with the law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Daniel Babbage, Task Force Officer
Drug Enforcement Administration

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on November 18, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Thérèse Wiley Dancks
United States Magistrate Judge